UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
RICARDO ROBLES MARTINEZ,

                        Plaintiff,

      -against-                                     Index. No.:

BKLYN PIZZA COMPANY OF BUSHWICK LLC,       **COMPLAINT**
D/B/A BKLYN PIZZA CO., and FILLIPO GALLINA D/B/A
BKLYN PIZZA CO.

                        Defendants,
-----------------------------------------------------------------------------X

Plaintiff, Ricardo Robles Martinez herein ("Robles"), by and through his attorney Heriberto Cabrera & Associates, as and for his Complaint against BKLYN PIZZA COMPANY OF BUSHWICK, LLC, D/B/A BKLYN PIZZA CO., FILLIPO GALLINA D/B/A BKLYN PIZZA CO, ("Defendants"), respectfully allege as follows:

## INTRODUCTION

1. This is a suit to recover unpaid overtime compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, liquidated damages, notice violations, spread of hours violations, reasonable attorney's fees, costs, and pre- and post-judgment interest for Defendants' willful failure to pay overtime, inter-alia, to Plaintiff, Ricardo Robles Martinez (hereinafter "Robles").

3. Plaintiff, Robles demands a jury trial on all issues that may be tried by a jury.

## PARTIES

4. Plaintiff, Robles, is a resident of Queens County, New York and he was an employee of Defendants at 207 Cypress Avenue, Queens, NY 11385.

1

5. Upon information and belief, Bklyn Pizza Company of Bushwick, LLC. d/b/a Bklyn Pizza Co., is a domestic corporation doing business within the State of New York, County of Queens, and have a principal place of business in Queens County in the City and State of New York as follows:
    a. 207 Cypress Avenue, Queen, NY 11385

6. Upon information and belief, Bklyn Pizza Company of Bushwick, LLC. d/b/a Bklyn Pizza Co., are at present and have been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

7. Bklyn Pizza Company of Bushwick, LLC. d/b/a Bklyn Pizza Co., is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a pizzeria restaurant company based at 207 Cypress Avenue, Queens, NY 11385, where Defendants controlled the terms, conditions, and pay practices relating to the Plaintiff.

8. Upon information and belief, Defendant, Bklyn Pizza Company of Bushwick, LLC. d/b/a Bklyn Pizza Co., is a domestic corporation doing business within the State of New York, County of Queens, and have a principal place of business in Queens County in the City and State of New York as follows:
    a. 207 Cypress Avenue, Queens, NY 11385.

9. Upon information and belief, Bklyn Pizza Company of Bushwick, LLC. d/b/a Bklyn Pizza Co., are at present and have been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

10. Bklyn Pizza Company of Bushwick, LLC. d/b/a Bklyn Pizza Co., is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a pizzeria restaurant company based at 207 Cypress Avenue, Queens, NY 11385, where Defendants controlled the terms, conditions, and pay practices relating to the Plaintiff

11. Upon information and belief, Defendant, Fillipo Gallina d/b/a Bklyn Pizza Co., (hereinafter "Fillipo") whose home address is unknown, is an individual and a natural citizen of the United States of America and doing business within the City and State of New York, County of Queens, and has principal places of business at the following location:
    a. 207 Cypress Avenue Queens, NY 11385.

12. Defendant Fillipo, is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Fillipo is sued individually in his capacity as an owner, officer, and/or agent of Defendants.

13. Upon information and belief, Defendant Fillipo possesses or possessed operational control over Defendant Corporation, possesses or possessed

3

an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendants and the pizzeria restaurant business of the corporation.

14. Defendant Fillipo Gallina, determined the wages and compensation of the employees of Defendants, including Plaintiff.

15. Defendant Fillipo Gallina, established the schedule of the Plaintiff

16. Defendant Fillipo Gallina directed work tasks and assignments for employees, including Plaintiff's.

17. Defendant Fillipo Gallina issued pay to Plaintiff.

18. Defendant Fillipo Gallina disciplined Plaintiff.

19. Defendant Fillipo Gallina had the authority to hire and fire employees including Plaintiff.

20. Upon information and belief, Defendant Fillipo, has ownership interest in the corporate defendant and he is a manager and supervisor of all his employees and the employees of the corporate defendants.

21. Defendant, Fillipo and the corporate defendants through defendant Fillipo Gallina, controlled the terms and conditions of Plaintiff's employment and are thus "employers" within the meaning of 29 U.S.C Section 203(d) and NYSLL Section 190(3).

22. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

## JURISDICTION AND VENUE

23. This court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiff's NYSLL claims pursuant to 28 U.S.C. § 1367.

24. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

25. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

26. At all times relevant to this Complaint, Plaintiff received payments from Defendants and was economically dependent on Defendants in regards to making her living.

27. Defendants had the power to hire and fire employees including Plaintiff.

28. Defendants supervised and controlled Plaintiffs' work schedules and/or conditions of employment.

29. Defendants, through their agents, determined the rate and method of payment of Plaintiffs' wages.

30. Plaintiff, Robles worked for Defendants as a pizza maker at 207 Cypress Avenue, Queens, NY 11385 from on or about September 2021 to on or about January 2022.

31. Beginning on or about September 2021 to on or about January 2022, Robles worked six days per week from on or about 10AM to 10PM and worked from Wednesday to

Monday every week with Tuesday being his only day off from work.

32. Plaintiff Robles worked on the average a total of approximately 72 hours for the week.

33. Plaintiff, Robles was paid $19.00 per hour at all times during his employment with Defendants.

34. Defendants did not exercise any discretion over his tasks or over any significant aspects of the manner the Defendants ran their business. Nor did Plaintiff have control over the manner he could execute the tasks assigned to him.

35. Plaintiff, Robles, routinely worked over 40 hours a week without receiving a premium on pay for hours worked in excess of 40 hours a week.

36. Defendants routinely required Plaintiff to work hours that were not recorded on the Defendants' time sheets.

37. Defendants never paid Plaintiff a premium for any hours worked over 40 hours in a single work week.

38. Upon information and belief, Defendants kept and/or allowed to be kept inaccurate records of the hours worked by Plaintiff.

39. Defendants failed to adequately and accurately disclose and/or keep track of the amount of hours the Plaintiff worked during the day, the total hours Plaintiff worked during the week and/or the total amount of overtime hours worked each week.

40. If Plaintiff's hours had been properly documented and calculated, then the Plaintiff's total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiff by the Defendants.

41. Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiff was entitled to under the law.

42. At all times, Defendants' policy and practice in regards to paying wages to Plaintiff has been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Wages (Federal)*

43. Plaintiff re-alleges paragraphs 1-42 of this Complaint as if set forth fully herein.

44. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

45. At all relevant times, Plaintiff was not paid time and a half based on his regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

46. Plaintiff routinely worked hours in excess of 40 hours a week.

47. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

48. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

*Failure to Pay Overtime (State)*

49. Plaintiff re-alleges paragraphs 1-48 of this Complaint as if set forth fully herein.

50. Plaintiff was employed by the Defendants within the meaning of the New

7

York State Labor Law §§ 2(7) and § 190(2).

51. Defendants failed to pay Plaintiff's overtime wages at a rate of at least one and a half times his regular rate of pay for each hour worked in excess of forty hours per week.

52. Plaintiff routinely worked hours in excess of 40 hours a week.

53. Defendants' failure to pay overtime wages to Plaintiff violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

54. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

55. Thus, Plaintiff is entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

## FIFTH CAUSE OF ACTION

*Failure to Pay Spread of Hours (State)*

56. Plaintiff re-alleges paragraphs 1-55 of this Complaint as if set forth fully herein.

57. Defendants have not paid Plaintiff their due additional hours of pay for shifts where Plaintiff worked in excess of 10 hours as required by NYSLL while making less than minimum wage or at minimum wage.

58. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

59. Defendants' willful and intentional failure to pay the spread of hours violates the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

60. Plaintiff is entitled to compensatory damages for Defendants' failure to pay the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## SIXTH CAUSE OF ACTION

*Violation of the Notice and Recordkeeping
Requirements of the New York Labor Law*

61. Plaintiff re-alleges paragraphs 1-60 of this Complaint as if set forth fully herein.

62. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer' the name of the employer; any "doing businesses as" names used by the employer' the physical address of the employer's main office or principal place of business and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

63. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION

*Violation of the Wage Statement Provisions
of the New York Labor Law*

64. Plaintiff re-alleges paragraphs 1-63 of this Complaint as if set forth fully herein.

65. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime house worked, as required by NYLL 195(3).

66. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiff's whole for all unpaid overtime wages and spread of hours pay due as a consequence of Defendants' violation of FLSA and NYSLL;

c. Directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d. Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e. Awarding Plaintiff pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

f. Award Plaintiff statutory damages pursuant to NY State Labor Law wage notification requirements, and;

g. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: Brooklyn, New York
January 5, 2023

**HERIBERTO A. CABRERA & ASSOCIATES**

 /s/ Heriberto A. Cabrera
HERIBERTO A. CABRERA, ESQ.
*Attorney for Plaintiff*
480 39th Street, 2nd Floor
Brooklyn, NY 11232
Tel: 718-439-3600
Fax: 718-439-1452
info@gonylaw.com

11